## PICKERING *v*. FRINK.

On a trial by jury of a cause which has been heard by an auditor, the defendant cannot deprive the plaintiff of the benefit of the auditor's report as evidence by confessing a part of the plaintiff's claim. ·

An unqualified admission of a debt which the party is liable and willing to pay has the force and effect of a new promise, and if made within six years removes the bar of the statute of limitations in assumpsit, and it is immaterial whether the new promise is made before or after the right of action is barred by the statute.

ASSUMPSIT, to recover some two hundred items of account, and also four promissory notes, dated, respectively, October 1, 1869, March 11, 1870, March 11, 1872, and January 3, 1873. Writ dated June 23, 1879. The defendant pleaded the general issue, with set-off, as to the account,. and payment and statute of limitations as to .the notes. The cause was sent to an auditor, who reported a balance of $234.11 due ̇the plaintiff on the account, and $1,666.97 on the notes. Upon the filing of the report, the defendant elected to go to the jury, but before the trial was commenced

paid into court the said balance of $234.11.   The report of the
auditor was offered in evidence by the plaintiff, and thereupon the
defendant objected that only that part relating to the account
could be read to the jury; but the court permitted the whole
report to be read, and the defendant excepted.   After part of the
plaintiff's case had been put in, he accepted the confession, and
received the $234.11 in full of all matters of account; but the
auditor's report was not withdrawn from the jury, and they were
told that they might consider it as evidence as to the notes.   The
defendant requested the court " to instruct the jury that the plain-
tiff must show a promise to renew, or to pay the notes after they
had become outlawed, or barred by the statute."   The jury, on
the contrary, were instructed that a promise made within six
years next before the commencement of the plaintiff's suit would
take the case out of the operation of the statute; and that to con-
stitute such new promise there must be an express promise, or an
acknowledgment expressed in such words and attended by such
circumstances as to give to it the meaning, and therefore the
force and effect, of a new promise.   It must be an acknowledg-
ment containing a direct and unqualified admission of a previous
subsisting debt, which the party is liable and willing to pay;—to
which the defendant excepted.   The jury returned a verdict for
the plaintiff, which the defendant moved to set aside.   Motion
denied, and bill of exceptions filed.

*C. Page*, for the plaintiff.

*John Hatch* and *J. W. Emery*, for the defendant.

CLARK, J.   The objection that a case is not a proper one to be
heard by an auditor should be made before the reference to the
auditor, or it will be regarded as waived.   *Perkins* v. *Scott*, 57 N.
H. 55; *Boyd* v. *Webster*, 58 N. H. 336.   The conceded fact that
an investigation of accounts was required as to a portion of the
case shows that the action was properly committed to an auditor,
and it was his duty to hear, determine, and report upon the whole
case.   When an action is referred to an auditor, his authority is
not limited to an examination of accounts and vouchers merely,
but he may consider all matters involved in the issues submitted
to him so far as may be necessary to a determination of the indebt-
edness between the parties.   *Moulton* v. *Parker*, 35 N. H. 92;
*Holmes* v. *Hunt*, 122 Mass. 505.   As it does not appear that the
report contained matters not proper to be reported, it was right-
fully received in evidence on the trial before the jury.   It is made
evidence by statute, and the defendant could not deprive the
plaintiff of the benefit of it by confessing a portion of his claim.
*Fulford* v. *Converse*, 54 N. H. 543; *Doyle* v. *Doyle*, 56 N. H. 567;
*Perkins* v. *Scott*, 57 N. H. 55.

An unqualified admission of a debt which the party is liable and willing to pay, has the force and effect of a new promise (*Holt* v. *Gage*, 60 N. H. 536), and if made within six years removes the bar of the statute of limitations in assumpsit, and it is immaterial whether the new promise is made before or after the right of action is barred by the statute. The new promise takes the case out of the operation of the statute, and it runs anew from that time. The decisions, in cases of partial payment of a debt within six years, are decisive of the question raised in this case, for the reason that it is only as evidence of a new promise that a part payment operates to remove the bar of the statute. *Whipple* v. *Stevens*, 22 N. H. 219; *Wheeler* v. *Robinson*, 50 N. H. 303; *Brown* v. *Latham*, 58 N. H. 30.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.